```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                        :
AARON LEWIS SHELTON, V,                 :
                                        :
        Plaintiff,                      :   Civ. No.  15-4603 (NLH)
                                        :
    v.                                  :
                                        :   OPINION
CAPE MAY COUNTY CORRECTIONAL            :
    FACILITY, et al.,                   :
                                        :
        Defendants.                     :
_____ :

APPEARANCES:
Aaron Lewis Shelton, V, #37837
Cape May County Correctional Center
4 Moore Road
Cape May Court House, NJ 08210
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Aaron Lewis Shelton, V, an inmate formerly confined at Cape May County Correctional Center in Cape May, New Jersey, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On July 14, 2015, the Court granted Plaintiff's application to proceed in forma pauperis.  On July 24, 2015, mail sent to Plaintiff at the address provided on his Complaint was returned to the Court as undeliverable. (ECF No. 4).  As a result, the case was administratively terminated due to Plaintiff's failure to comply with Local Civil Rule 10.1. (ECF No. 5).  However, on September 11, 2015, Plaintiff provided a

Notice of Change of Address. (ECF No. 6). Accordingly, the case is now under review by a judicial officer.

At this time, the Court must screen the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 28 U.S.C. § 1997e. For the reasons set forth below, the Complaint will be DISMISSED WITHOUT PREJUDICE.

## I.   BACKGROUND

The allegations of the Complaint are as follows:

> On Sat[urday], May 9th, 2015 Sgt. Caldwell confiscated a pair of flip-flops from me that were "not jail issued." Knowing that her claim about there being a rule covering "non-jail issued" footwear in the rulebook was false, I asked her to please show me the rule. After I relinquished the flip-flops, Sgt. Caldwell informed me that she couldn't find the rule, but it was a directive from her superiors. I informed her that I knew it wasn't a rule and I also expressed to her that I felt as though her real issue derived from a run-in she and I had regarding my right to practice my religion. Her response was "watch your mouth your [sic] being disrespectful." I replied, "I'm not being disrespectful, I'm excercising [sic] my Constitutional right to Free Speech." She then said, "I'm writing you up and the Constitution doesn't apply to you guys." She walked off, then returned with my "write up," and asked did I want a conference on the matter. I told her I want to appeal the matter. She informed me that "on the spot write-ups" weren't subject to appeal. I told her that's a lie, she said

>      if I wanted a conference it would be held then and
>      there.  I asked where my impartial panel was and she
>      informed me that the conference would be held between
>      herself and I and that she'd already decided on my
>      guilt.  I informed her that she had just violated the
>      Due Process Clause of the Fourteenth Amendment, at
>      which time she turned and walked away.  I said "bye"
>      so she wrote me up again.  The Warden is guilty of not
>      keeping his staff informed of the Constitutional
>      rights of prisoners.

(Compl. 5-6, ECF No. 1).

Plaintiff names Donald J. Lombardo, the Warden of Cape May County Correctional Center, as a defendant in this matter because "he is directly in charge of all officers in the facility [and] he failed to make Sgt. Caldwell aware of the Constitutional rights of prisoners." (Compl. 4, ECF No. 1).

Plaintiff also names Christine Caldwell, a sergeant at the Cape May County Correctional Center, as a defendant.  Based on the allegations quoted above, Plaintiff asserts that she violated his constitutional rights because: (1) she told Plaintiff that "the Constitution doesn't apply to 'you guys'"; (2) she violated the due process clause of the Fourteenth Amendment by denying Plaintiff an appeal and denying him a disciplinary hearing; and (3) she retaliated against Plaintiff for knowing and quoting his Constitutional rights. (Compl. 4, ECF No. 1).

Plaintiff seeks financial compensation for these alleged constitutional violations. (Compl. 6, ECF No. 1).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... .  Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The determination of whether the factual allegations plausibly give rise to an entitlement to relief is

"'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

IV.  ANALYSIS

A. Claims against Defendant Caldwell

As set forth above, Plaintiff alleges that Defendant Caldwell violated his constitutional rights because: (1) she told Plaintiff that "the Constitution doesn't apply to 'you guys'"; (2) she violated the due process clause of the Fourteenth Amendment by denying Plaintiff an appeal and denying him a disciplinary hearing; and (3) she retaliated against

Plaintiff for knowing and quoting his Constitutional rights. (Compl. 4, ECF No. 1).  The Court will address each allegation in turn.

    1. <u>Defendant Caldwell's statement to Plaintiff</u>

According to the Complaint, Defendant Caldwell allegedly told Plaintiff, "[T]he Constitution doesn't apply to 'you guys.'" (Comp. 4, ECF No. 1).  To extent Plaintiff asserts that Defendant Caldwell's statement, in itself, violated his constitutional rights, Plaintiff is mistaken.  It is well-established that mere words spoken to a prisoner by a correctional officer — even when those words are harsh — do not amount to a violation of the prisoner's civil rights by the officer. <u>See, e.g.</u>, <u>Gannaway v. Berks Cnty. Prison</u>, 439 F. App'x 86, 91 (3d Cir. 2011) (citing <u>DeWalt v. Carter</u>, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

Accordingly, any claim based on Defendant Caldwell's statement that "the Constitution doesn't apply to 'you guys'" is dismissed for failure to state a claim upon which relief can be granted.

2. Due Process Claim

Plaintiff next asserts that Defendant Caldwell violated Plaintiff's right to due process by failing to allow him to appeal his "write-up" and by denying him a disciplinary hearing on the issue.

It is well established that "[p]risoners ... may not be deprived of life, liberty or property without due process of law." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).  "However, inmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest." Burns v. PA Dep't of Corr., 642 F.3d 163, 170-71 (3d Cir. 2011) (citing Sandin v. Conner, 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that not all sanctions resulting from prison disciplinary hearings affect protected liberty interests)); see also Robinson v. Danberg, 729 F. Supp. 2d 666, 678 (D. Del. 2010) (collecting cases) (holding that, the right to appeal a disciplinary conviction is not within the narrow set of due process rights delineated in Wolff).

Further, the filing of a false disciplinary charge and related disciplinary sanctions, without more, does not violate a plaintiff's constitutional rights under the Due Process Clause. See Smith v. Mensinger, 293 F.3d 641, 653–54 (3d Cir. 2002).

Rather, a plaintiff's due process rights are triggered by a deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Here, Plaintiff does not indicate what sanctions, if any, he received as a result of the "write-ups" or the alleged finding of guilt by Defendant Caldwell. Therefore, Plaintiff has failed to establish that the "write-ups" issued by Defendant Caldwell implicated a protected liberty interest sufficient to trigger the protections of procedural due process. Accordingly, as alleged, the Complaint fails to state a claim upon which relief can be granted. However, Plaintiff will be permitted to amend his Complaint to assert facts sufficient to state a procedural due process claim.

3. Retaliation

Finally, Plaintiff asserts a retaliation claim against Defendant Caldwell.

"Retaliating against a prisoner for the exercise of his constitutional rights is unconstitutional." Bistrian v. Levi, 696 F.3d 352, 376 (3d Cir. 2012) (collecting cases); see also White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990) ("Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the

Constitution actionable under § 1983."). To state a claim for retaliation, a plaintiff must allege that: (1) he engaged in constitutionally protected conduct, (2) he then suffered some adverse action caused by prison officials; and (3) a causal link existed between the protected conduct and the adverse action. Obiegbu v. Werlinger, 581 F. App'x 119, 122 (3d Cir. 2014) (citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)). With respect to the second prong of a claim for retaliation, "a prisoner-plaintiff satisfies this requirement by demonstrating that the action 'was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights.'" Rauser, 241 F.3d at 333 (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). As for the third prong, "[t]he requisite causal connection can be demonstrated by '(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link.'" Obiegbu, 581 F. App'x at 122 (citing Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)).

   Based on the allegations of the Complaint, it is not clear precisely what conduct led to the alleged retaliation; nor is it clear what specific adverse action Plaintiff allegedly suffered; or that a connection existed between the constitutionally protected conduct and the alleged adverse action. Plaintiff

vaguely asserts that he was retaliated against for "knowing/quoting" his constitutional rights.  However, this allegation fails to state that Plaintiff was engaged in any type of constitutionally protected behavior; it does not describe any adverse action; and it offers only a conclusory statement that there was a link between the unspecified protected conduct and the unspecified adverse action.

Moreover, the factual assertions of the Complaint do not help to clarify Plaintiff's argument.  Plaintiff first contends that Defendant Caldwell gave him a "write-up[1]" in response to Plaintiff exercising his right to free speech. (<u>Id.</u>).  Plaintiff then states that Defendant Caldwell gave him another "write-up" for saying "bye" at the conclusion of their discussion on due process. (<u>Id.</u>).[2]  Even assuming that Plaintiff was engaged in constitutionally protected conduct, Plaintiff's assertion that

---

[1] Based on the context in which the term "write-up" appears in the Complaint, the Court assumes for purposes of this Opinion that a "write-up" is a type of prison disciplinary report.

[2] Plaintiff also suggests that Defendant Caldwell confiscated his flip-flops in response to a prior "run-in" that she and Plaintiff allegedly had regarding his right to practice his religion. (Compl. 6, ECF No. 1).  The Court notes, however, that Plaintiff does not allege that his right to practice his religion serves as the basis for his retaliation claim.  Rather, Plaintiff specifically states that he was "retaliated against [] for knowing/quoting [his] Constitutional rights." (Compl. 4, ECF No. 1).

he received "write-ups" does not, in itself, constitute an adverse action.

"[W]hether a prisoner-plaintiff has met [the adverse action] prong of his or her retaliation claim will depend on the facts of the particular case." Allah, 229 F.3d at 225. Although the filing of a "write-up," or misconduct report can — in certain circumstances — constitute an adverse action for purposes of a retaliation claim, Plaintiff in this case has not plead sufficient information to establish that those circumstances exist here. Cf. Mitchell, 318 F.3d at 530 (allegations of a false misconduct charge which resulted in several months in disciplinary confinement would deter a reasonably firm prisoner from exercising his First Amendment rights); Mensinger, 293 F.3d at 653 (falsifying misconduct reports in retaliation for an inmate's resort to legal process is a violation of the First Amendment guarantee of access to the courts); see also, e.g., Smith v. Governor for Alabama, 562 F. App'x 806, 814 (11th Cir. 2014) (disciplinary write-up based on allegedly knowingly false information which resulted in disciplinary proceeding during which prisoner was not allowed to call witnesses made out prima facie case for retaliation); King v. Zamiara, 150 F. App'x 485, 493 (6th Cir. 2005) ("Charging an inmate with misconduct is an adverse action because serious consequences can flow from erroneous charges."); Robinson v.

Danberg, 729 F. Supp. 2d 666, 681 (D. Del. 2010) (plaintiff's allegations that, in addition to receiving write-ups, he received false charges, accusations from defendants, was placed in "the hole" or in isolation on numerous occasions, received numerous threats, was denied food and had foreign objects placed in his food represented a sufficient chronology of events from which retaliation may be inferred).

In this case, it is unknown what the consequences, if any, of the "write-ups" were.  Plaintiff does not allege that he was adversely affected by these write-ups; nor does he allege that they were based on falsified information.  Therefore, the factual allegations of the Complaint do not suggest that the action taken by Defendant Caldwell was sufficiently adverse to deter a person of ordinary firmness from exercising his constitutional rights.  Given the lack of details in these allegations, the contours of Plaintiff's argument remain unclear and he has failed to set forth a claim for retaliation.

Accordingly, this claim will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.  However, because it is possible that Plaintiff may be able to clarify his argument and provide details sufficient to state a claim for retaliation, this claim will be dismissed without prejudice.

B. Claims Against Warden Lombardo

As set forth above, Plaintiff alleges that Defendant Lombardo violated Plaintiff's constitutional rights because "he is directly in charge of all officers in the facility [and] he failed to make Sgt. Caldwell aware of the Constitutional rights of prisoners." (Compl. 4, ECF No. 1). In liberally construing the Complaint, as this Court must, see Haines, 404 U.S. at 520-21, this Court perceives two distinct claims against Defendant Lombardo: one premised on the theory of respondeat superior; and the other based on an alleged failure to train.

1. Respondeat Superior

As an initial matter, liability under § 1983 cannot attach to Defendant Lombardo simply because he oversees employees at the prison. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."); Solan v. Ranck, 326 F. App'x 97, 100-101 (3d Cir. 2009) (quoting Rode); see also Iqbal, 556 U.S. 662 (government officials may not be held liable, under Bivens or § 1983, for unconstitutional conduct of their subordinates under theory of respondeat superior; because vicarious liability is inapplicable, plaintiff must plead that each government official-defendant, through his or her own actions, has violated Constitution); Tenon v.

Dreibelbis, 606 F. App'x 681, 688 (3d Cir. 2015) (§ 1983 claims may not be based on vicarious liability, each defendant must have "personal involvement, including participation, or actual knowledge and acquiescence, to be liable").

Here, Plaintiff has not alleged that Defendant Lombardo had any personal, direct involvement.

   2. Failure to Train

Absent direct involvement, a plaintiff can hold a supervisor liable for failure to train or supervise under § 1983 if the supervisor has shown deliberate indifference to the plight of the person involved. See Aruanno v. Booker, 384 F. App'x 69, 70 (3d Cir. 2010) (citing Gilles v. Davis, 427 F.3d 197, 207 n. 7 (3d Cir. 2005) (noting deliberate indifference requirement for failure-to-train claim)); see also Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999).  More specifically, to state a claim for relief for failure to train, a plaintiff "must identify a failure to provide specific training that has a causal nexus with [his] injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." See Gilles, 427 F.3d at 207 n.7 (quoting Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997)).

Here, Plaintiff has failed to adequately plead a cause of action for failure to train. In the Complaint, Plaintiff broadly states that Defendant Lombardo failed to make Defendant Caldwell aware of the prisoners' constitutional rights. However, Plaintiff has not alleged the specific constitutional rights to which he refers. Moreover, as set forth above, Plaintiff has not sufficiently pled that he suffered any constitutional deprivation which could possibly be linked to the alleged failure to train. Finally, the Complaint is completely devoid of any factual allegations which suggest deliberate indifference on the part of Defendant Lombardo.

In the Complaint, Plaintiff simply offers an unsupported, conclusory allegation regarding Defendant Lomardo which — even under the most liberal interpretation — cannot be construed to state a claim under § 1983. See, e.g., Aruanno v. Booker, No. 08-305, 2009 WL 1173438, at *4 (D.N.J. Apr. 29, 2009) aff'd, 384 F. App'x 69 (3d Cir. 2010) (dismissing failure to train claims that were based on legal conclusions which were unsupported in the amended complaint); see also Pair v. Danberg, No. 08-458, 2008 WL 4570537 at *2 (D. Del. Oct. 14, 2008) (dismissing conclusory failure to train or supervise claim for failing to meet the pleading requirements of Twombly and Iqbal).

Accordingly, to the extent Plaintiff intended to assert a claim against Defendant Lombardo for failure to train, it will

be dismissed.  However, because it is conceivable that Plaintiff could plead facts sufficient to properly state a claim, this dismissal is without prejudice.

## V.     CONCLUSION

For the foregoing reasons, the Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Because it is possible that Plaintiff may be able to amend or supplement his complaint with facts sufficient to overcome the deficiencies noted herein, Plaintiff shall be given leave to file, within 45 days, an application to re-open accompanied by a proposed amended complaint.[3]  See Denton, 504 U.S. at 34; Grayson, 293 F.3d at 108.

An appropriate Order follows.


                                   s/ Noel L. Hillman___
                                   NOEL L. HILLMAN
                                   United States District Judge
Dated: December 4, 2015
At Camden, New Jersey

---

[3] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.